## U.S. DISTRICT COURT FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| 7D Holdings, LLC ) | Civil Action No.: 3:24-cv-93-RGJ |
| Plaintiff, ) | |
| v. ) | **COMPLAINT** |
| Jawk Holdings LLC ) | JURY TRIAL DEMANDED |
| Serve: ) | |
| REPUBLIC REGISTERED AGENT LLC ) | |
| 271 W. SHORT ST STE 410 ) | |
| LEXINGTON, KY 40506 ) | |
| and ) | |
| GenRev Labs LLC ) | |
| Serve: ) | |
| REPUBLIC REGISTERED AGENT LLC   Defendants. ) | |
| 271 W. SHORT ST STE 410 ) | |
| LEXINGTON, KY 40506 ) | |

Plaintiff, 7D Holdings, LLC ("Plaintiff" or "7D"), by and through counsel, for its Complaint against defendant Jawk Holdings LLC ("Defendant Jawk") and defendant GenRev Labs LLC ("Defendant GenRev") (Defendant Jawk and Defendant GenRev are collectively identified as Defendants), states as follows:

### PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's trademarks DAZE, 7 DAZE, and SEVEN DAZE, each of which may be used with and without design or style components, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false

designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for Federal Cyberpiracy under 15 U.S.C. § 1125(d) and for substantial and related claims of infringement and unfair competition under the statutory and common laws of the Commonwealth of Kentucky and any other states where Defendants offer infringing products for sale, all arising from the Defendants' unauthorized use of the marks "DazeD", "Dazed8", "DazeDA" "DazeD Bar", and variations thereof, in connection with Defendants' products.

    2.    Plaintiff seeks damages and injunctive relief.

## JURISDICTION AND VENUE

    3.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1338(a), (b) this being an action for infringement of a federally registered trademark and for federal unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and pursuant to 28 U.S.C. §§ 1331, this being a civil action arising under the laws of the United States, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a), because the claims arising under the laws of the Commonwealth of Kentucky and any other states are so related to the federal claims alleged herein that they form part of the same case or controversy under Article III of the United States Constitution. U.S. CONST. art. III, cl. 2.

    4.    This Court has personal jurisdiction over the Defendants because the Defendants are incorporated in the jurisdiction where this Court sits and are subject to service of process in this State.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff, 7D Holdings, LLC is a Delaware limited liability company with a principal business address of 1425 South Vineyard Avenue, Ontario, San Bernadino County, California 91761.

7. Upon information and belief, Defendant, Jawk Holdings LLC ("Defendant Jawk"), is a Kentucky limited liability company formed under the laws of Kentucky with a principal business address of 44 Revolution Drive, Franklin, Simpson County, Kentucky 42134.

8. Upon information and belief, Defendant, GenRev Holdings LLC is a Kentucky limited liability company formed under the laws of Kentucky with a principal business address of 44 Revolution Drive, Franklin, Simpson County, Kentucky 42134.

9. Upon information and belief, Defendants or one of them is operating under the assumed name and/or brand names DAZED and DAZED8.

## FACTS

10. Plaintiff is a manufacturer and wholesaler of a variety of vaping products, including without limitation e-liquids and vaping devices ("Plaintiff's Products"). Plaintiff, through its related entities operates the largest vape manufacturing facility in Southern California.

11. Vaping devices (sometimes called e-cigarettes or vape pens) heat a liquid of nicotine or nicotine substitutes, flavoring, and propylene glycol ("e-liquids") into an aerosol that the user inhales through a mouthpiece.

12. Plaintiff has continuously used the marks DAZE in connection with the word SEVEN and/or number seven 7, with and without design elements and other words, in connection with Plaintiff's Products since at least as early as 2014.

13. Plaintiff is the owner of U.S. Trademark Registration No. 5,424,919 on the Principal Register in the U.S. Patent and Trademark Office for the mark DAZE for the goods identified in **Exhibit A** (the "'919 Registration"). **Exhibit A**, attached hereto and incorporated herein by reference, is a true and correct copy of the registration certificate for the '919 Registration.

14. The mark covered by the '919 Registration was first used in commerce at least as early as November 17, 2014 in connection with the goods covered by the registration.

15. Plaintiff is the owner of U.S. Trademark Registration No. 5,683,543 on the Principal Register in the U.S. Patent and Trademark Office for the mark 7 DAZE for the goods identified in **Exhibit B** (the "'543 Registration"). **Exhibit B**, attached hereto and incorporated herein by reference, is a true and correct copy of the registration certificate for the '543 Registration.

16. The mark covered by the '543 Registration has been used in commerce continuously since January 16, 2018, in connection with the goods covered by the registration.

17. Plaintiff is the owner of U.S. Trademark Registration No. 5,683,544 on the Principal Register in the U.S. Patent and Trademark Office for the mark SEVEN DAZE for the goods identified on **Exhibit C** (the "'544 Registration"). **Exhibit C**, attached hereto and incorporated herein by reference is a true and correct copy of the registration certificate for the '544 Registration.

18. The mark covered by the '544 Registration has been used in commerce continuously since January 16, 2018, in connection with the goods covered by the registration.

19. Plaintiff is the owner of pending U.S. Trademark Application Serial No. 90/756,988 for the mark DAZE for the goods identified in the pending application (the "Application"). Attached as **Exhibit D** and incorporated herein by reference is a copy of the U.S. Trademark Office online record for the Application.

20. Plaintiff's marks, as covered by the filings with the U.S. Trademark Office, as shown in **Exhibits A** through **D**, as well as Plaintiff's common-law rights to the use of these marks on products are collectively the "Plaintiff's Marks."

21. As a result of Plaintiff's widespread, continuous, and exclusive use of its marks using DAZE to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common-law rights therein.

22. Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

23. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under Plaintiff's Marks including through numerous trade shows, business-to-business magazines, and online advertisements.

24. Plaintiff sells its goods to wholesalers who in turn market and sell the goods in smoke shops and through online retailers to adult consumers.

25. Attached as **Exhibit E** is a true and correct representation of a sample of Plaintiff's and Defendants' disposable vaping devices, bearing the marks DAZE and DAZED and/or DAZED BAR, respectively, found for sale online.

26. As a result of Plaintiff's expenditures and efforts, Plaintiff's Marks have come to signify the high quality of the Plaintiff's Products and have acquired incalculable reputation and goodwill belonging exclusively to Plaintiff.

B. Defendants' Unlawful Activities

27. Upon information and belief, Defendants are engaged in the manufacturing, distribution and sale of vaping devices and products which are vaped, smoked, or ingested, including e-liquids and products containing various levels and formulations of tetrahydrocannabinol (THC)(collectively "Defendants' Products").

28. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in Plaintiff's Marks, Defendant adopted and began using the designation DAZED, used with and without other letters and words (the "Infringing Marks"), in connection with Defendants' Products.

29. The Infringing Marks adopted and used by Defendants are identical and/or confusingly similar to Plaintiff's Marks.

30. Defendants market and sell products bearing the Infringing Marks in smoke shops and through online retailers.

6

31. Upon information and belief, Defendants' Products sold using the Infringing Marks include products that are identical to or related to Plaintiff's Products.

32. Upon information and belief, Defendants operate the website at the url https://www.dazed8.com. Attached hereto as **Exhibit F** are true and correct printouts from said website showing Defendants' use of the Infringing Marks.

33. The internet domain www.dazed8.com (the "Domain") was first registered on December 17, 2020. A true and correct copy of the registration record for the Domain from the WHOIS database is attached hereto as **Exhibit G.**

34. The Domain was registered by Domains By Proxy, LLC, which is a proxy registration service that keeps the identity and information of the domain owner secret.

35. Upon information and belief, one or more of Defendants are the owner(s) of the Domain.

36. Upon information and belief, one or more of Defendants registered the Domain with bad-faith intent to profit from Plaintiffs' Marks.

37. The Domain name is confusingly similar to one or more of Plaintiff's registered Marks.

38. The Domain name was registered after Plaintiff's Marks were registered with the Trademark Office and after the Plaintiff's Marks became distinctive.

39. Upon information and belief, Defendants' Products are marketed and sold under the Infringing Marks through the same or substantially overlapping channels of trade as Plaintiff's Products, namely through trade shows, such as CHAMPS trade show, and distributors and retailers including, but not limited to, https://vaperanger.com,

7

https://ajdistro.com, and https://novadistro.com. Attached hereto, collectively as **Exhibit H** are true and correct copies of examples of overlapping trade channels.

40. Upon information and belief, Defendants' Products offered and sold under the Infringing Marks are targeted and sold to the same or a substantially overlapping audience of adult consumers of Plaintiff's Products.

41. On August 17, 2023, Plaintiff's counsel sent a cease and desist letter to the online email address of Defendant(s) objecting to use of the Infringing Marks. Attached hereto as **Exhibit I** is a true and correct copy of said cease and desist letter.

42. On or about September 21, 2023, Plaintiff's counsel sent a follow-up letter to its cease and desist letter to the online email address of Defendant(s) and to Defendant Jawk, having since discovered a pending application for a mark including DAZED filed by Defendant Jawk. Attached hereto as **Exhibit J** is a true and correct copy of said follow up cease and desist letter.

43. A copy of U.S. Application Ser. No. 98/164,154 for DAZED BAR in connection with *electronic devices for the inhalation of nicotine-containing aerosols* filed by Defendant Jawk and related record from the U.S. Patent and Trademark Office's online database is attached hereto as **Exhibit K** and incorporated herein by reference.

44. Counsel Catherine Tang communicated by email with Plaintiff's counsel to discuss the cease and desist letter, but to date, Plaintiff has otherwise received no substantive response to its cease and desist letters and, after reasonable inquiry, has no evidence that

Defendants have responded to or complied with the demands set out in Plaintiff's counsel's cease and desist letters.

45. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' Products and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' Products originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

46. Defendants' infringing acts as alleged herein have resulted in actual confusion. Attached hereto as **Exhibit L** are examples of confusion as to the source or sponsorship of Defendant's and Plaintiff's products.

47. Upon information and belief, Defendants' infringing acts are willful, with the deliberate intent to trade on the goodwill associated with Plaintiff's Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Products to the Defendant.

48. Defendants' infringing acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### Federal Trademark Infringement, 15 U.S.C § 1114(a).

49. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. Defendants' unauthorized use in commerce of the Infringing Marks that are identical or confusingly similar to Plaintiff's registered trademarks as alleged herein is likely to

deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' Products, and is likely to cause consumers to believe, contrary to fact, that Defendants' Products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

52. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### Federal Unfair Competition, 15 U.S.C. § 1125(a)

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' Products, and is likely to cause consumers to believe, contrary to fact, that

Defendants' Products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

56. Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

57. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

58. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

60. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### Federal Cyberpiracy, 15 U.S.C. § 1125(d)

61. Plaintiff repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62. On information and belief, one or more Defendants are the owner(s) of the Domain dazed8.com.

63. The Domain name is confusingly similar to one or more of Plaintiff's Marks.

64. The Domain was registered after one or more of Plaintiff's Marks became distinctive.

65. On information and belief, one or more Defendants registered the Domain through a proxy registration service with the bad-faith intent to profit from one or more of Plaintiff's Marks.

66. Defendants have committed cyberpiracy as defined in 15 U.S.C. § 1125(d). Plaintiff is therefore entitled to, among other relief, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest. Plaintiff is further entitled to injunctive relief ordering forfeiture or cancellation of Defendants' Domain name dazed8.com under 15 U.S.C. § 1117(d).

## COUNT FOUR
### Unfair Competition, Kentucky Common Law

67. Plaintiff repeats and realleges paragraphs 1 through 66 hereof, as if fully set forth herein.

68. Defendants have unfairly profited in Kentucky by using in Kentucky Plaintiff's Marks or a mark or marks similar thereto, in such a way that exploits Plaintiff's goodwill.

69. By using Plaintiff's Marks or similar marks, Defendants have unfairly taken Plaintiff's business and impaired Plaintiff's goodwill.

70. Defendants directly compete with Plaintiff by selling identical products.

71. Defendants have committed unfair competition under the common law of Kentucky.

72. Upon information and belief, Defendants' acts as alleged herein are intentional and willful violations of Plaintiff's rights.

73. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

74. Plaintiff is entitled to, among other relief, injunctive relief, actual damages, Defendants' profits, punitive and exemplary damages under Ky. Rev. Stat. 411.184(2), reasonable attorneys' fees, and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

2. That Defendants have committed unfair competition under the common law of Kentucky and any other states where they are selling products bearing the Infringing Marks.

3. The Defendants' conduct was intentional, willful, and in flagrant disregard for Plaintiff's rights.

4. Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and

assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote Defendants' Products bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

    b.    engaging in any activity that infringes Plaintiff's rights in Plaintiff's Marks;

    c.    engaging in any activity constituting unfair competition with Plaintiff;

    d.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' Products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's Products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

    e.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or with Plaintiff or tend to do so;

    f.    registering or applying to register any trademark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks or any other mark that infringes or is likely to be confused with Plaintiff's Marks;

     g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

     5.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Products.

     6.    Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the U.S. that distribute, advertise, promote, sell, or offer for sale Defendants' goods or to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Marks, and to immediately remove them from public access and view.

     7.    Directing that Defendants recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related

materials incorporating or bearing the Infringing Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Marks.

8. Directing Defendants to formally abandon with prejudice any and all of its applications to register the Infringing Marks or any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9. Order that Defendants registrations for any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry be cancelled and certify such order(s) to the appropriate agency for action.

10. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14. Directing that Defendants forfeit or cancel, or cause to be forfeited or canceled, the domain name dazed8.com in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

15. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

16. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

17. Awarding such other and further relief as the Court deems just and proper.

Dated: February 13, 2024　　　　　Respectfully submitted,
　　　　　Louisville, Kentucky

　　　　　　　　　　　　　　　　　/s/ Amy B. Berge
　　　　　　　　　　　　　　　　　Amy B. Berge
　　　　　　　　　　　　　　　　　Gray Ice Higdon, PLLC
　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　3939 Shelbyville Road, Suite 201
　　　　　　　　　　　　　　　　　Louisville, Kentucky 40207
　　　　　　　　　　　　　　　　　502.625.2887
　　　　　　　　　　　　　　　　　aberge@grayice.com

## VERIFICATION

I, John Lau, President of 7D Holdings, LLC, verify that the foregoing allegations contained in the Complaint are true and accurate to the best of his knowledge and belief.

_____
JOHN LAU
President, 7D Holdings, LLC

02/12/2024
_____
DATE

STATE OF ~~CALIFORNIA~~ *JM* Virginia        )
                                              ) SS:
COUNTY OF   Prince William                    )

Subscribed and sworn to in my presence by John Lau, this  12th  day of February, 2024.

_Judith Moore_
Notary Public, State at Large, ~~Kentucky~~ *JM* Virginia
My Commission Expires: 10/31/2026
Notary I.D. No. 8030982

**Judith Moore**
REGISTRATION NUMBER
8030982
COMMISSION EXPIRES
October 31, 2026

Notarized remotely online using communication technology via Proof.