UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| 7D Holdings, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 1:24-cv-00033-GNS-HBB |
| | ) | Judge GREG N. STIVERS |
| JAWK HOLDINGS, LLC | ) | Magistrate Judge H. BRENT BRENNENSTUHL |
| | ) | |
| -and- | ) | |
| | ) | |
| GENREV LABS, LLC | ) | |
| | ) | |
| Defendants | ) | |

**MOTION FOR LEAVE
TO AMEND THE COMPLAINT AND JOIN PARTIES**

Plaintiff, 7D Holdings, LLC ("Plaintiff" or "7D"), moves this Court pursuant to Rules 15(a)(2), 20, and 21 to grant 7D leave to amend its Complaint to (i) conform to new facts revealed in discovery and (ii) add the following parties: AG Science Solutions Inc. d/b/a Shyne Labs ("Shyne Labs"), A to J Group LLC ("A to J"), Jonathan Knarreborg, individually, and Allen Huang, individually.

As set forth below and in the proposed amended complaint, each of the proposed defendants engaged in the infringing acts alleged in this action or otherwise authorized, directed, and/or approved the infringing acts. This motion is timely within the Court's Scheduling Order requiring amendment of the pleadings and motions to add parties by October 7, 2024. DN 27, PageID.131. This motion is made in good faith, without dilatory motive, and will not unduly prejudice Defendants.

The Court has discretion to add parties under Rule 21 under just terms. Moreover, Shyne Labs, A to J, Knarreborg, and Huang are subject to permissive joinder under Rule 20, as the allegations against them arise out of the same transaction, occurrence, or series of transactions or

occurrences, and questions of law and fact are common to the current Defendants and the proposed new Defendants. Accordingly, the Court should GRANT 7D's motion to allow 7D to amend the Complaint and add parties. The Proposed Amended Complaint is attached.

## BACKGROUND

7D filed its Complaint in this action on February 14, 2024, against Jawk Holdings and GenRev Labs stating claims of federal trademark infringement of 7D's federally registered marks under 15 U.S.C. § 1114(a); federal unfair competition under 15 U.S.C. § 1125(a); federal cyberpiracy under 15 U.S.C. § 1125(d); and unfair competition under the common law of Kentucky. Compl., DN 1. Defendants jointly filed their Answer on April 26, 2024[1], DN 12, and this Court ordered a telephonic scheduling conference which was held on June 17, 2024, DN 17 (ordering scheduling conference); DN 25 (rescheduling scheduling conference). On June 24, 2024, this Court issued the Scheduling Order to govern the timing of this case, which specified that "**[n]o later than October 7, 2024,** the Plaintiff shall file all motions to join additional parties. Similarly, all motions to amend the pleadings shall be filed by the Plaintiff **no later than October 7, 2024.**" DN 27, PageID.131 (bolding in source).

Since the scheduling conference, each of the parties have served initial disclosures and written discovery requests, and counsel for the parties have met and cooperated to resolve their discovery disputes and facilitate the exchange of discovery. This process is ongoing. No depositions have been taken, although the parties are currently working together to coordinate them in November.

## ARGUMENT

Under the Federal Rules of Civil Procedure, the Court has liberal discretion to grant leave to amend and should freely do so when justice so requires. 7D has timely brought this motion on

---

[1] Service of the Complaint was delayed because the Defendants' Registered Agent has an address with no one there to accept service. Several attempts to serve the parties were required before they could be located.

or before October 7, 2024, in good faith, without dilatory motive, and without undue prejudice to the current Defendants. Accordingly, the Court should GRANT 7D's motion and give 7D leave to amend its Complaint as indicated in the Proposed Amended Complaint submitted herewith.

7D further moves the Court to add Shyne Labs, A to J, as well as Jonathan Knarreborg and Allen Huang in their personal capacity as defendants to this action. Defendants' responses to 7D's discovery requests and 7D's own investigation support claims against these parties arising from the same series of transactions or occurrences and sharing common questions of law and fact with the claims in 7D's Complaint. This makes Shyne, A to J, Knarreborg, and Huang apt for permissive joinder under the Federal Rules, and the Court has discretion to add them as defendants on just terms.

## I.      LEAVE TO AMEND TO CONFORM TO THE FACTS

Rule 15 of the Federal Rules of Civil Procedure permits amendments to the pleadings once as a matter of course, subject to certain limitations. Fed. R. Civ. P. 15(a)(1); *Truck & Auto Extras, LLC v. Anderson*, No. 5:19-CV-280-REW, 2019 WL 13108763, at *2 (E.D. Ky. Dec. 16, 2019). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave to amend when justice so requires." *Id.*; *Truck & Auto*, 2019 WL 13108763, at *2. The justification bar for allowing amendment is "relatively low." *Id.* (citing *Janikowksi v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). "Generally, courts should freely permit amendment where sought, absent undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003); and *Foman v. Davis*, 83 S. Ct. 227, 203, 371 U.S. 178, 181–82 (1962)) (internal quotation marks and alterations omitted).

3

Allowance of an amendment to conform to the facts does not unduly prejudice the opposing party where, for example, the amendment does not overhaul the movant's theory of the case, does not prejudice the opposing party's ability to investigate claims or develop a responsive strategy, or does not require duplicative discovery. *See id.* (citing *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002). None of these circumstances are present here.

The proposed changes primarily comprise clarifications and refinements of 7D's allegations. For example, certain factual contentions which 7D previously alleged "on information and belief" now have sufficient evidentiary support to remove such identification. *See* Fed. R. Civ. P. 11(b)(3). In one instance, 7D amends a factual contention to specifically identify its belief that it will likely have evidentiary support after an opportunity for further discovery where it inadvertently omitted such specification in its Complaint. None of these changes will cause any prejudice to Defendants: they do not fundamentally alter 7D's theory of its case; they will not require Defendants to conduct duplicative discovery; and they will not affect Defendants' ability to investigate 7D's claims or develop a defensive strategy. Accordingly, the Court should grant 7D's motion to amend the Complaint as proposed.

## II.      LEAVE TO ADD DEFENDANTS

Leave should be granted to add defendants because the evidence supports the contention that each of the proposed additional defendants were involved in and/or directing the use of the infringing marks before Defendants were formed as entities in January 2022.  The evidence also supports the contention that that Knarreborg and Huang personally committed, authorized, or directed the infringing acts alleged in the Proposed Amended Complaint.

Defendants initial discovery responses limited disclosure to the time period after October 2022.  **Exhibit A**. Plaintiff objected to this limitation. In the course of discussions to resolve this discovery dispute, among others raised by Plaintiff and Defendants, it was revealed that products bearing the infringing marks were first sold in February 2021 (See Supplemental Responses

**Exhibit B**), yet Defendants were not formed until January, 2022 See, **Exhibit C** (Jawk) **and D** (GenRev).   In addition to seeking information from Defendants' about this discrepancy, Plaintiff initiated its own investigation in an attempt to identify the party or parties that were responsible for the earlier sales.  As set forth below, this investigation pointed directly to Jonathan Knarreborg and Allan Huang, who acted as "partners" in setting up multiple entities to carry out their endeavors, including the current Defendants and the proposed additional defendant entities Shyne Labs and A to J .

The infringing products are sold through the website www.dazed8.com**.  **The website was first registered to Knarreborg in December 2020.  The address used by Knarreborg in seeking registration of the domain was 1434 Ivan Downs Blvd. Id.  The initial receipt for the domain is attached as **Exhibit E** . Online records indicate the property at this address was owned at the time by Allan Huang. See, **Exhibit F**.   According to the Internet Wayback Machine, products bearing the infringing marks were being sold on the website as early as February 2021, which is consistent with Defendants' supplemental responses to discovery.  **Exhibit G**.

The Website says the products are sold by "Dazed8"  However, Defendants have not identified, and Plaintiff has not found, an entity named Dazed8 or any assumed name filing for an entity doing business as Dazed8.  Based on discovery responses and Plaintiff's investigation, Dazed8 is the brain child of Allan Huang and Jonathan Knarreborg.  These individuals acting for themselves and through entities they formed, started processing hemp and selling hemp derived products, including Delta 8, under the names DAZED and DAZED 8 in violation of Plaintiff's rights in DAZE and 7 DAZE.

The passage of the 2018 Farm Bill gave birth to a new industry:  products derived from hemp.  It appears that in 2019, Allan Huang, based in Los Angeles, and Jonathan Knarreborg, based in Kentucky and California, teamed up to develop a hemp processing operation and to sell hemp derived products, including Delta 8 products.  On April 2, 2019, Allan Huang formed Shyne

Labs in Kentucky. Shyne Labs organizational documents are attached as **Exhibit H**. Huang signed as the "organizer".  Huang has also signed the company's annual reports, including the 2024 annual report as "President" Id.  Although Shyne Labs experienced a catastrophic fire in 2021, the company is still active and has an active website.  Social media posts by Knarreborg describe how he and Huang started the business as "partners" and experienced success, and how they suffered from the loss. **Exhibit I**. News articles from the time period describe Knarreborg was a "co-founder" of Shyne Labs. **Exhibit J**.

Meanwhile, on January 6, 2021, A to J (presumably a reference to Allan and Jonathan) was formed in Tennessee. Secretary of State records are attached as **Exhibit K**.  Plaintiff first learned of A to J this past Friday, October 4, 2024, when counsel for Defendants' Jawk and GenRev indicated in supplemental response to discovery that it was A to J that sold DAZED products before Jawk and GenRev were formed.  An email from Defendants' counsel is attached at **Exhibit L**.  This email also indicates that Knarreborg was the sole member of A to J and that A to J was administratively dissolved in August, 2023.  Id., See also **Exhibits A**.

Knarreborg is also the sole owner of the current Defendants GenRev and Jawk.  *See* **Exhibit A**.  Further, the Defendants have also indicated that Jonathan Knarreborg came up with the name DAZED and DAZED8 for the products. Id. Knarreborg is also the listed owner of the domain www.dazed8.com from its original registration in December 2020 through the last renewal in 2023. **Exhibit E**.

Huang is the organizer and founder of Shyne Labs and has identified himself as an officer of Defendant Jawk (though this is inconsistent with Defendants' discovery responses). **Exhibit H**. Huang's name appears on an October 18, 2022, filing of Defendant Jawk's Statement of Change of Principal Office Address filed with the Kentucky Secretary of State. Id.

Defendant Jawk is identified as the owner of U.S. trademark application Ser. No. 98164154 for the mark DAZED BAR, which 7D has alleged infringes its marks. *See* U.S. Pat. & Trademark

Off. Rep., Appl. Ser. No. 98164154, See, DN 1 pID.62. As a self-identified officer of Defendant

Jawk, Huang would have been in a position to authorize or direct the infringing use of the mark

DAZED BAR, among others, including filing the above trademark application. Moreover, Huang

has held himself out as being affiliated with Dazed8, including as its Chief Operating Officer. *See*

Allan   Huang   Profile,   ZoomInfo   (Sept.   23,   2024)   attached   as   **Exhibit   L.**

https://www.zoominfo.com/p/Allan-Huang/5140013168.

Knarreborg and Huang may be held personally liable insofar as they personally took part

in Defendants' infringing activity or directed others to do so. *State Farm Mut. Auto. Ins. Co. v.*

*Sharon Woods Collision Ctr., Inc.*, No. 1:07CV457, 2007 WL 4207158, at *1 (S.D. Ohio Nov. 26,

2007) (gathering cases in the Sixth Circuit); *cf. also Coach Servs., Inc. v. Source II, Inc.*, 728 F.

App'x 416, 419 (6th Cir. 2018) (holding that where company admitted liability for trademark

infringement, company's sole owner and president was personally liable). And because the

proposed allegations against Knarreborg and Huang involve effectively the same infringing acts

attributable to Defendants, the allegations and claims against them "plainly arise out of the same

transaction or occurrence and involve common issues of both law and fact," as required for

permissive joinder under Rule 20. *Truck & Auto*, 2019 WL 13108763, at *4 n. 4 (citing Fed. R.

Civ. P. 20).

7D's proposed addition of each of the parties also complies with Rule 21. *Glover v.*

*Chandler*, No. 1:21-CV-508, 2023 WL 5163251, at *2 (W.D. Mich. Aug. 11, 2023), *aff'd,* No. 23-

1804, 2024 WL 4109518 (6th Cir. Apr. 12, 2024); *cf. Brewer v. Air Prod. & Chemicals, Inc.*, No.

5:23-CV-123-BJB, 2023 WL 8111606, at *1–4 (W.D. Ky. Nov. 22, 2023) (discussing application

of Rule 21 to amendments to add parties). Rule 21 provides that "[o]n motion or on its own, the

court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *Truck & Auto*, 2019

WL 13108763, at *3. However, Rule 21 is governed by essentially the same liberal standard courts

apply when granting leave to amend pleadings under Rule 15(a)(2). *Thorn v. Bob Evans Farms,*

*LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013) (citing *Duling v. Gristede's Operating Corp.,* 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010)). Undue prejudice to the non-moving party is central to the just terms assessment. *Truck & Auto*, 2019 WL 13108763, at *3 (citing *Caldwell v. Astrue*, No. CIV. A. 07-441-GWU, 2008 WL 2074014, at *1 (E.D. Ky. May 14, 2008)). Courts regularly have found no undue prejudice when adding corporate officers, employees, or owners as defendants in trademark infringement actions, because such individuals are presumed to have awareness of the underlying factual allegations and are on notice of the strong possibility that such individual claims would be made. *See, e.g., id.* (finding corporation wholly owned by alleged individual infringer was not unduly prejudiced by joinder); *Pedinol Pharmacal, Inc. v. Rising Pharms., Inc.*, No. CV062120LDWAKT, 2007 WL 9710391, at *4 (E.D.N.Y. Oct. 5, 2007) (finding no undue prejudice to joined individual defendant after close of discovery and dispositive motions where defendant had ample notice of possibility of joinder).

Knarreborg has admitted his direct participation in Defendants' infringing actions, and as sole ownership of Defendant GenRev and Jawk, Knarreborg was indisputably on notice that claims against him personally were a strong possibility.

Similarly, Huang is undoubtedly on notice of the claims, and should be aware of the possibility that such claims could eventually be brought against him personally. For similar reasons, there should be no surprise (and thus, no undue prejudice) that he and Shyne Labs could eventually be joined as a defendant to this case.

As a final note, Plaintiff's counsel states that in conversations with Defendants' counsel on September 25, 2024, the pending deadline to file motions to amend the pleadings and to add parties was discussed. Plaintiff's counsel expressly stated that it was planning to file a motion to amend the complaint, including adding parties, once Defendants disclosed information regarding activities prior to the formation of the current Defendants in January 2022. Plaintiff received the

information on October 4, 2024 and promptly prepared this motion.  Thus, the motion to amend the complaint should come as no surprise.

## CONCLUSION

For the foregoing reasons, Plaintiff 7D respectfully asks this Court to GRANT 7D's motion for leave to amend the Complaint and GRANT 7D's motion to add Shyne Labs, A to J, Jonathan Knarreborg, Huang as defendants.

Respectfully submitted,

 */s/Amy B Berge*
Amy B. Berge
Robert J. Theuerkauf
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
(502) 677-4729
aberge@grayice.com
rjt@grayice.com
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed on this the __*7th*__ day of October, 2024, according to the rules of Electronic Court Filing (ECF) in effect for the Western District of Kentucky – Bowling Green Division, which ECF system will provide a copy of same to all persons registered to receive service in this case, including but not limited to the following:

Charles Wallace
James Creedon
**SCALE LLP**
548 Market Street
Suite 86147
San Francisco, CA  94104
cwallace@scalefirm.com
jcreedon@scalefirm.com
*Counsel for Defendants*

 */s/Amy B. Berge*
*Counsel for Plaintiff*