UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00033-GNS-HBB

**7D HOLDINGS, LLC**                                                                                       **PLAINTIFF**

VS.

**JAWK HOLDINGS LLC, et al.**                                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff 7D Holdings, LLC, to amend its complaint and join additional defendants (DN 28). Defendants JAWK Holdings LLC and GenRev Labs LLC have filed a joint response in opposition (DN 29) and Plaintiff has filed its reply (DN 31). This matter is ripe.

Plaintiff filed its complaint on February 14, 2024 (DN 1). Plaintiff alleges that the Defendants infringed on three trademarks held by the Plaintiff (*Id.* at pp. 1-2). Plaintiff manufactures and sells a variety of vaping products and devices (*Id.* at p. 3). Plaintiff has used "DAZE," "SEVEN," and "7" in connection with its products since 2014, as well as holding trademarks for the marks "DAZE," "7 DAZE," and "SEVEN DAZE" (*Id.* at pp. 4-5). Defendants also sell vaping products and devices, under the website domain "www.dazed8.com" (DN 12, p. 4). Plaintiff alleges that Defendants use "DAZED"—sometimes with modifiers and sometimes without—in connection with Defendants' own vaping products and devices, thereby infringing upon Plaintiff's own use of its marks (DN 1, p. 6).

Plaintiff filed this action initially against two business entities who produce the allegedly

infringing products: GenRev and JAWK (DN 1, p. 3). Plaintiff now seeks to amend its complaint to join additional parties: two business entities, AG Science Solutions Inc. and A to J Group LLC, and two individuals, Jonathan Knarreborg and Allen Huang (DN 28). Knarreborg and Huang were both involved as corporate officers of the entities related to the distribution of the infringing products (*See id.* at PageID # 139-40). Plaintiff also seeks to amend its complaint to conform to the facts (*Id.* at PageID # 138-39).

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting FED. R. CIV. P. 15).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). But the court "need not accept bare assertions of legal conclusions." *Id.*

The liberal mandate of Rule 15 allows the Plaintiff here to amend its complaint and join additional defendants. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Plaintiff's proposed amendment of its complaint is not dilatory, sought in bad faith, futile, the cause of undue delay, or prejudicial to the Defendants. Plaintiff's motion to amend its complaint was filed within the deadline specified in the Scheduling Order (DN 27 PageID # 131). Defendants assert that Plaintiff's motion is "motivated" by a "bad faith dilatory motive and tactical maneuver to delay the proceedings, complicate the litigation, extend discovery, and unfairly harass Defendants" (DN 29 PageID # 275). To support this contention, Defendants point out that Plaintiff knew of the "existence" of the additional Defendants "from the very beginning of the case" and that the additional Defendants have "no involvement" or "relation to the allegations in this lawsuit" (*Id.*). According to Defendants' logic, failure to immediately join the additional Defendants "strongly indicates" Plaintiff's bad faith (*Id.* at PageID # 276). The undersigned does not agree that such circumstances amount to bad faith. If anything, Defendants' arguments bear on futility.

Defendants contend that amendment would cause undue prejudice because joining Huang and Knarreborg would unnecessarily "complicate the litigation, inflate the scope of discovery, and exert undue pressure on Defendants by introducing personal liability claims where none exist" (DN 29 PageID # 274). The joinder of the two corporate entities is improper, according to Defendants, because there is no "proper factual or legal basis for doing so" (*Id.*). Since discovery is ongoing, but almost at a close, the joinder of these additional parties, according to Defendants, would result in the expenditure of "considerable additional resources" in additional discovery "to revisit already-examined issues" (*Id.*). The burden of additional discovery is generally not prejudicial but a natural result of amendment and joinder of additional parties. Here, at the time Plaintiff filed its motion, discovery had not yet ended (*See id.*). Defendants' contention that there

3

is no legal or factual basis to join the additional Defendants bears upon futility, not prejudice. Additionally, Knarreborg should be aware of the lawsuit and the potential for personal liability, as the "sole member" and owner of JAWK, GenRev, and A to J Group (DN 29-1). Likewise, A to J Group should also be aware of potential litigation (*See id.*). The Defendants would not suffer undue prejudice if Plaintiff were allowed to amend and join additional defendants.

Because discovery is still ongoing, it is difficult to understand how amendment and joinder of additional defendants would cause undue delay as Defendants contend (DN 29 PageID # 282-83). Echoing earlier arguments, Defendants maintain that the joinder of additional parties would "unnecessarily complicate the case, impose unnecessary costs on all parties involved, and would be a waste of judicial resources" (*Id.* at PageID # 282). Because the "existing discovery schedule was established based on the current scope of the case" the joinder of additional parties would "significantly increase the scope of litigation, requiring new rounds of document production, depositions, expert testimony, and motions to dismiss" (*Id.* at PageID # 282-83). Again, the undersigned does not agree that undue delay would result from amendment because such burdens of additional discovery are inherent in the amendment and joinder of any complaint: no special circumstances exist here to warrant denying Plaintiff the benefit of Rule 15's liberal mandate. *See Foman*, 371 U.S. at 182.

Defendants contend that the proposed amendment is futile (DN 29 PageID # 276-82). As to Huang and Knarreborg, Defendants maintain that amendment is futile because it would not survive a Rule 12(b)(6) motion to dismiss because "Plaintiff has failed to allege any facts that would justify piercing the corporate veil or holding these individuals personally liable for the actions of the corporate defendants" (*Id.* at PageID # 277). Allowing amendment is not a "backdoor to bypass the protections of corporate owners" as Defendants argue (DN 29 PageID #

4

281), because Defendants "remain free to file a dismissal motion directed at the amended pleading." *Truck & Auto Extras v. Anderson*, 2019 U.S. Dist. LEXIS 241095, at *9 (E.D. Ky. 2019). "The test for futility. . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." *Rose*, 203 F.3d at 421. This Court need not decide whether Plaintiff will succeed at piercing the corporate veil, but only whether Plaintiff has plead sufficient facts that allows this Court to draw a reasonable inference that the additional Defendants are liable. *See Ashcroft*, 556 U.S. at 677. This Court reviews the pleaded facts in the light most favorable to the Plaintiff and must take any well-pleaded fact as true. *Tackett*, 561 F.3d at 488.

Here, Plaintiff alleges that Knarreborg first registered the website "dazed8.com" where Defendants sell the infringing products (DN 28-14 PageID # 249). Plaintiff alleges that from December 2020 through 2022, Knarreborg maintained the website registration and listed a billing address that is or has been owned by Huang (*Id.* at PageID # 250). This website was used to distribute the allegedly infringing THC products manufactured by the Defendants (*Id.* at PageID # 249). Plaintiff alleges that Knarreborg "personally selected the Infringing Marks" (*Id.* at PageID # 250). Plaintiff alleges that Huang and Knarreborg are officers and/or owners of AG Science Solutions (d/b/a Shyne Labs), GenRev, and JAWK, and both acted as a "central figure within those companies" to authorize and approve the use of the infringing marks (*Id.* at PageID # 250-51). Plaintiff alleges that A to J Group is administratively dissolved, but its sole member was Knarreborg (*Id.* at PageID # 246).

Plaintiff alleges that the THC products sold and manufactured by the Defendants bear marks that are confusingly similar to its registered marks (*Id.* at PageID # 251). Further, the

5

website domain is confusingly similar to Plaintiff's registered marks (*Id.*). Plaintiff alleges that the Defendants' products are sold in smoke shops and online retailers through the same or substantially overlapping channels of commerce as the Plaintiff's products: namely, three websites and "CHAMPS" trade show (*Id.*). Defendants' products are targeted and sold to a substantially overlapping consuming audience as Plaintiff's products (*Id.* at PageID # 251-52).

Plaintiff believes that Defendants' actions are willful and deliberately intended to cause confusion (*Id.* at PageID # 253). Even after Plaintiff sent several "cease and desist" letters through its attorney, Defendants did not cease their unlawful activities (*Id.* at PageID # 252-53). As a result, Plaintiffs allege that the Defendants' infringing use of its mark has caused actual confusion and is likely to cause confusion, mistake and deception in the consuming public (*Id.* at PageID # 253). Plaintiff's amended complaint alleges four causes of action against the additional Defendants: trademark infringement, unfair competition under federal law, cyberpiracy, and unfair competition under Kentucky law (*Id.* at PageID # 253-57).

Plaintiff has plead sufficient facts that, taken as true, support this Court's reasonable inference that Knarreborg, Huang, AG Science Solutions, and A to J Group, are liable for the alleged infringing conduct. Thus, amendment and joinder of the additional Defendants is proper.

Defendants' argument that Plaintiff's reliance on *Truck & Auto Extras v. Anderson*, 2019 U.S. Dist. LEXIS 241095 (E.D. Ky. 2019) and *Pedinol Pharmacal v. Rising Pharms.*, 2007 U.S. Dist. LEXIS 114964 (E.D.N.Y. 2007) is misplaced because the courts in those cases allowed joinder as the defendants failed to make any response is inapposite (DN 29 PageID # 279). While the defendants in *Truck & Auto Extras* did not respond to plaintiff's motion to amend, the court still engaged in a robust Rule 15 analysis, of which one consideration was the lack of response to the plaintiff's factual pleadings. 2019 U.S. Dist. LEXIS 241095, at *6-9. In *Pedinol Pharmacal*,

the defendants did respond, but the court allowed the plaintiff to amend its complaint and add a defendant after a Rule 15 analysis.[1] 2007 U.S. Dist. LEXIS 114964, at *13-14.

As to A to J Group, Defendants contend that amendment is futile because the entity was "administratively dissolved in August 2023" (DN 29 PageID # 281). Defendants further state that A to J Group has no assets and joinder would be redundant as JAWK and GenRev are already parties to this lawsuit (*Id.*). Plaintiff agrees that A to J Group has been dissolved, but that under Tennessee law (the state of its formation) A to J Group can still be held liable for acts committed before it was dissolved (DN 31 PageID # 304). The issue of whether A to J Group possesses assets after its closure does not bear upon futility: a party may still be liable even if it has no assets. Thus, because the Plaintiff has pleaded sufficient facts that, taken as true, support this Court's reasonable inference that A to J Group is liable for the alleged infringing conduct, joinder is proper.

As to AG Science Solutions, Defendants contend that "Plaintiff has neither alleged nor provided any evidence Shyne Labs [a/k/a AG Science Solutions] has any connection to the brands used by JAWK and GenRev, nor has Plaintiff established any basis for involving Shyne Labs" in this lawsuit (DN 29 PageID # 281). But Plaintiff has met its burden of alleging sufficient facts of AG Science Solution's liability. Plaintiff has alleged that AG Science Solutions manufactured and distributed products that infringed upon Plaintiff's own marks (DN 28-14 PageID # 249-53). Because Plaintiff has met the relatively low bar of pleading sufficient facts that, taken as true, support this Court's reasonable inference that AG Science Solutions is liable for the alleged infringing conduct, joinder is proper.

While "[t]his Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action," the distinction

---

[1] Moreover, this case is merely persuasive precedent from outside the Sixth Circuit.

here is moot as Rule 21 considers the same factors as Rule 15 of prejudice and fairness. *Broyles v. Corr. Med. Servs.*, No. 08-1638, 2009 U.S. App. LEXIS 5494, at *9 (6th Cir. Jan. 23, 2009). Rule 21 states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. The undersigned incorporates the same analysis under Rule 15 above to find that joinder of the additional Defendants is proper under Rule 21.

    **WHEREFORE**, the Plaintiff's motion to amend its complaint and join additional parties (DN 28) is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

December 9, 2024

Copies: Counsel