UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*(ELECTRONICALLY FILED)*

| | | |
|---|---|---|
| 7D Holdings, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 1:24-cv-00033-GNS-HBB |
| | ) | Judge GREG N. STIVERS |
| JAWK HOLDINGS, LLC; | ) | Magistrate Judge H. BRENT BRENNENSTUHL |
| GENREV LABS, LLC; | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| -and- | ) | |
| | ) | |
| JONATHAN KNARREBORG | ) | |
| 44 Revolution Drive | ) | |
| Franklin, Kentucky  42134 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| AG SCIENCE SOLUTIONS INC. d/b/a | ) | |
| SHYNE LABS | ) | |
| 480 Reasonover Avenue | ) | |
| Franklin, Kentucky  42144 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| Allan Huang | ) | |
| 44 Revolution Drive | ) | |
| Franklin, Kentucky 42134 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| A to J Group LLC | ) | |
| 307 Bucklebury Ct. | ) | |
| White House, TN 37188 | ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

Plaintiff, 7D Holdings, LLC ("Plaintiff" or "7D"), by and through counsel, for its Amended Complaint against defendant Jawk Holdings LLC ("Jawk"), defendant GenRev Labs LLC ("GenRev"), defendant AG Science Solutions Inc. ("Shyne Labs"), defendant Jonathan Knarreborg ("Knarreborg"), defendant Allan Huang ("Huang"), and defendant A to J Group LLC ("A to J"), (collectively "Defendants") states as follows:

## PRELIMINARY STATEMENT

1.       This is an action for infringement of Plaintiff's trademarks DAZE, 7 DAZE, and SEVEN DAZE, each of which are used with and without various design or style components ("Plaintiff's Marks"), under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for federal cyberpiracy under 15 U.S.C. § 1125(d) and for substantial and related claims of infringement and unfair competition under the statutory and common laws of the Commonwealth of Kentucky and any other states where Defendants offer infringing products for sale, all arising from the Defendants' unauthorized use of the designations "DazeD", "Dazed8", "DazeD Bar", and various DAZED formatives (the "Infringing Marks"), in connection with Defendants' products.

2.       Plaintiff seeks damages and injunctive relief.

## JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1338(a), (b) this being an action for infringement of a federally registered trademark and for federal unfair competition under the Lanham Act, 15 U.S.C. §

1051 *et seq.*; and pursuant to 28 U.S.C. §§ 1331, this being a civil action arising under the laws of the United States, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a), because the claims arising under the laws of the Commonwealth of Kentucky and any other states are so related to the federal claims alleged herein that they form part of the same case or controversy under Article III of the United States Constitution. U.S. CONST. art. III, cl. 2.

4.    This Court has personal jurisdiction over the Defendants Jawk, GenRev, and Shyne Labs because said Defendants are incorporated in the jurisdiction where this Court sits and are subject to service of process in this State.

5.    This Court has personal jurisdiction over Defendant Jonathan Knarreborg because he is a resident of this State.

6.    To the extent that Defendant Jonathan Knarreborg is not a resident of this State, this Court has jurisdiction under the Kentucky long-arm statute KRS 454.210 because he regularly transacts business in this State.

7.    This Court has personal jurisdiction over Defendant Allan Huang under the Kentucky long-arm statute, KRS 454.210 because he owns businesses in this state and regularly transacts business in this State.

8.    This Court has personal jurisdiction over Defendant A to J Group, LLC because its sole member Johnathan Knarreborg is a resident of this state and, upon information and belief, it regularly conducts or conducted business in this state during the time period applicable to this matter

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

10.     Plaintiff 7D Holdings, LLC is a Delaware limited liability company with a principal business address of 1425 South Vineyard Avenue, Ontario, San Bernadino County, California 91761.

11.     Defendant, Jawk, is a Kentucky limited liability company with a principal business address of 44 Revolution Drive, Franklin, Simpson County, Kentucky 42134.

12.     Defendant GenRev is a Kentucky limited liability company with a principal business address of 44 Revolution Drive, Franklin, Simpson County, Kentucky 42134.

13.     Upon information and belief, Defendant Shyne Labs is a Kentucky limited liability company with a principal business address of 480 Reasonover Ave Franklin, KY 42134-4002.

14.     Jonathan Knarreborg is an individual who, upon Plaintiff's information and belief, resides at 1094 Peachtree Lane, Bowling Green, Kentucky 42103.

15.     Knarreborg is the sole member of GenRev.

16.     Upon information and belief, Knarreborg is a member of Defendant Jawk.

17.     Upon information and belief, Knarreborg is an officer of Defendant Shyne Labs.

18.     Allan Huang is an individual who, upon Plaintiff's information and belief, resides at 3000 Windmill Drive, Diamond Bar, California 91765.

19.     Upon information and belief, Huang is an officer of Defendant GenRev.

20.     Upon information and belief, Huang is an officer of Defendant Jawk.

4

21.     Upon information and belief, Huang is an officer and member of Defendant Shyne Labs.

22.     Upon information and belief, A to J Group LLC is an administratively dissolved entity which existed under the laws of Tennessee whose sole member was Jonathan Knarreborg.  Upon information and believe the use of A to J in the name of this entity is a reference to Allan Huang and Jonathan Knarreborg.

## FACTS

23.     Plaintiff, through its related entities manufactures and sells, through wholesale and retail channels, a variety of vaping products, including without limitation e-liquids and vaping devices for e-liquids ("Plaintiff's E-Liquid Products") using Plaintiff's Marks. Plaintiff, through its related entities, operates the largest vape manufacturing facility in Southern California.

24.     Plaintiff, through its related entities, manufactures, and sells products derived from hemp as well as devices for vaping hemp derived products. ("Plaintiff's Hemp Products") Plaintiff's Hemp Products have less than 0.3% dry weight tetrahydrocannabinol (THC) derived from hemp. Plaintiff's E-Liquid Products and Plaintiff's Hemp Products are collectively "Plaintiff's Products."

25.     Plaintiff's Hemp Products are sold under the brand name GRDNT.  However the source of the products is identified under the mark and trade names 7 DAZE and 7 DAZE MFG.

26.    Plaintiff has continuously used the marks DAZE in connection with the word SEVEN and/or number seven 7, with and without design elements and other words, in connection with Plaintiff's E-Liquid Products  since at least as early as November 2014.

27.    Plaintiff began development of Plaintiff's Hemp Products at least as early as October 2021. In light of market conditions, these products were a natural expansion of Plaintiff's Products.

28.    Plaintiff's Hemp Products were first sold in October 2023 and have been sold using the marks 7 DAZE and 7 DAZE MFG continuously to the present..

29.    Plaintiff is the owner of U.S. Trademark Registration No. 5,424,919 on the Principal Register in the U.S. Patent and Trademark Office for the mark DAZE for the goods identified at DN 1-1, PageID.20 (the "'919 Registration"). DN 1-1, PageID.20 is incorporated herein by reference, and is a true and correct copy of the registration certificate for the '919 Registration.

30.    The mark covered by the '919 Registration was first used in commerce at least as early as November 17, 2014 in connection with the goods covered by the registration.

31.    Plaintiff is the owner of U.S. Trademark Registration No. 5,683,543 on the Principal Register in the U.S. Patent and Trademark Office for the mark 7 DAZE for the goods identified at DN 1-2, PageID.22 (the "'543 Registration"). DN 1-2, PageID.22, is incorporated herein by reference, and is a true and correct copy of the registration certificate for the '543 Registration.

32.    The mark covered by the '543 Registration has been used in commerce continuously since January 16, 2018, in connection with the goods covered by the registration.

33.    Plaintiff is the owner of U.S. Trademark Registration No. 5,683,544 on the Principal Register in the U.S. Patent and Trademark Office for the mark SEVEN DAZE for the goods identified at DN 1-3, PageID.24 (the "'544 Registration"). DN 1-3, PageID.24 is incorporated herein by reference, and is a true and correct copy of the registration certificate for the '544 Registration.

34.    The mark covered by the '544 Registration has been used in commerce continuously since January 16, 2018, in connection with the goods covered by the registration.

35.    Plaintiff is the owner of pending U.S. Trademark Application Serial No. 90/756,988 for the mark DAZE for the goods identified in the pending application (the "Application").  DN 1-4, PageID.26, incorporated herein by reference, and is a true and correct copy of the U.S. Trademark Office online record for the Application.

36.    As a result of Plaintiff's widespread, continuous, and exclusive use of its marks using DAZE to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common-law rights therein.

37.    Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

38.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting Plaintiff's Products under Plaintiff's Marks including through numerous trade shows, business-to-business magazines, and online advertisements.

39.     Plaintiff sells its goods to wholesalers who in turn market and sell the goods in smoke shops and through online retailers to adult consumers. Plaintiff also sells its goods directly to consumers through its own online retail website.

40.     DN 1-5, PageID.29 is a true and correct representation of a sample of Plaintiff's and Defendants' disposable vaping devices, bearing the marks DAZE and DAZED and/or DAZED BAR, respectively, found for sale online.

41.     As a result of Plaintiff's expenditures and efforts, Plaintiff's Marks have come to signify the high quality of the Plaintiff's Products and have acquired incalculable reputation and goodwill belonging exclusively to Plaintiff.

B.   Defendants' Unlawful Activities

42.     Defendants are engaged in the manufacturing, distribution and sale of vaping devices and products which are vaped, smoked, or ingested, including e-liquids and products containing various levels and formulations of tetrahydrocannabinol (THC) (collectively "Defendants' Products").

43.     Defendants operate the website at the url https://www.dazed8.com (the "Domain").  DN 1-6, PageID.31-33 is a true and correct printout from said website showing Defendants' use of the Infringing Marks.

44.     The Domain was registered by Defendant Knarreborg on December 17, 2020. A true and correct copy of the registration record for the Domain from the WHOIS database is was filed at DN 1-7, PageID.35.

45.     The Domain registration has been renewed by Defendant Knarreborg and is currently active.

8

46.     Defendant Knarreborg's identity as the registrant of the Domain was shielded from public view through use of a proxy registration service that keeps the identity and information of the domain owner secret.

47.     On December 16, 2020, December 17, 2021, and December 17, 2022, Knarreborg registered and renewed the registration using a billing address of 1434 Ivan Downs, Blvd., Unit #102, Bowling Green, Kentucky 42104. On information and belief, the property at the Ivan Down address is currently owned by Huang, or was owned by Huang on the above dates.

48.     Without Plaintiff's authorization, and beginning after Plaintiff acquired protectable exclusive rights in Plaintiff's Marks, the Defendants began using the designations DAZED, DAZED8, and DAZED BAR, which have all been used with and without other letters and words (the "Infringing Marks"), in connection with Defendants' Products.

49.     Upon information and belief, Defendant Knarreborg personally selected the Infringing Marks.

50.     As the sole member of GenRev and, upon information and belief, as a member Jawk and officer of Shyne Labs, Knarreborg was a central figure within those companies and authorized and approved the infringing acts resulting from Defendants' use of the Infringing Marks.

51.     Upon information and belief, Defendant Huang was the organizer and is currently the president of Defendant Shyne Labs.

52.     Upon information and belief, Huang is or was an officer and/or member of GenRev and/or Jawk. As such, Haung was a central figure within those companies and

authorized and approved the infringing acts resulting from Defendants' use of the Infringing Marks.

53.    The Infringing Marks adopted and used by Defendants are nearly identical to and are confusingly similar to Plaintiff's Marks.

54.    Defendants market and sell products bearing the Infringing Marks in smoke shops and through online retailers.

55.    Defendants' Products sold using the Infringing Marks include products that are identical to or related to Plaintiff's Products.

56.    One or more of Defendants are the owner(s) of the Domain.

57.    Upon information and belief, the Domain was registered with bad-faith intent to profit from Plaintiffs' Marks.

58.    The Domain name is confusingly similar to one or more of Plaintiff's registered Marks.

59.    The Domain name was registered after Plaintiff's Marks were registered with the Trademark Office and after the Plaintiff's Marks became distinctive.

60.    Defendants' Products are marketed and sold under the Infringing Marks through the same or substantially overlapping channels of trade as Plaintiff's Products, namely through trade shows, such as CHAMPS trade show, and distributors and retailers including, but not limited to, https://vaperanger.com, https://ajdistro.com, and https://novadistro.com.  Attached hereto, collectively filed at DN 1-8, PageID.37-44, are true and correct copies of examples of overlapping trade channels.

61.     Defendants' Products offered and sold under the Infringing Marks are targeted
and sold to the same or a substantially overlapping audience of adult consumers of Plaintiff's
Products.

62.     On August 17, 2023, Plaintiff's counsel sent a cease and desist letter to the
online email address of Defendant(s) objecting to use of the Infringing Marks.  Previously filed
at DN 1-9, PageID.46-51 is a true and correct copy of said cease and desist letter.

63.     On or about September 21, 2023, Plaintiff's counsel sent a follow-up letter to its
cease and desist letter to the online email address of Defendant(s) and to Defendant Jawk,
having since discovered a pending application for a mark including DAZED filed by
Defendant Jawk. Previously filed at DN 1-10, PageID.53-60, is a true and correct copy of said
follow up cease and desist letter.

64.     A copy of U.S. Application Ser. No. 98/164,154  for DAZED BAR in
connection with *electronic devices for the inhalation of nicotine-containing aerosols* filed by
Defendant Jawk and related record from the U.S. Patent and Trademark Office's online
database was previously filed at DN 1-11, PageID.62-70, and incorporated herein by reference.

65.     Counsel Catherine Tang communicated by email with Plaintiff's counsel to
discuss the cease and desist letter, but to date, Plaintiff has otherwise received no substantive
response to its cease and desist letters and, after reasonable inquiry, has no evidence that
Defendants have responded to or complied with the demands set out in Plaintiff's counsel's
cease and desist letters.

66.     Defendants' infringing acts as alleged herein have caused and, if not restrained, are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' Products and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' Products originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

67.     Defendants' infringing acts as alleged herein have resulted in actual confusion. Previously filed at DN 1-12, PageID.72-76, are examples of confusion as to the source or sponsorship of Defendant's and Plaintiff's products.

68.     Upon information and belief, Defendants' infringing acts are willful, with the deliberate intent to trade on the goodwill associated with Plaintiff's Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Products to the Defendant.

69.     Defendants' infringing acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### Federal Trademark Infringement, 15 U.S.C § 1114(a).

70.     Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

71.     Defendants' unauthorized use in commerce of the Infringing Marks that are identical or confusingly similar to Plaintiff's registered trademarks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' Products, and is likely to cause consumers to believe, contrary to fact, that Defendants' Products are sold,

authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes  infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

72.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

73.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

74.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### Federal Unfair Competition, 15 U.S.C. § 1125(a)

75.     Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

76.     Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' Products, and is likely to cause consumers to believe, contrary to fact, that Defendants' Products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

77.     Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

78.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

79.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

81.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
## Federal Cyberpiracy, 15 U.S.C. § 1125(d)

82.     Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

83.     One or more Defendants are the owner(s) of the Domain dazed8.com.

84.     The Domain name is confusingly similar to one or more of Plaintiff's Marks.

14

85.    The Domain was registered after one or more of Plaintiff's Marks were federally registered and after one or more of Plaintiff's Marks became distinctive.

86.    On information and belief, one or more Defendants registered the Domain through a proxy registration service with the bad-faith intent to profit from one or more of Plaintiff's Marks.

87.    The above alleged acts constitute cyberpiracy as defined in 15 U.S.C. § 1125(d). Plaintiff is therefore entitled to, among other relief, enhanced damages and profits, statutory damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest. Plaintiff is further entitled to injunctive relief ordering forfeiture or cancellation of Defendants' Domain name dazed8.com under 15 U.S.C. § 1117(d).

## COUNT FOUR
### Unfair Competition, Kentucky Common Law

88.    Plaintiff repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

89.    Defendants have unfairly profited in Kentucky by using in Kentucky Plaintiff's Marks or a mark or marks similar thereto, in such a way that exploits Plaintiff's goodwill.

90.    By using Plaintiff's Marks or similar marks, Defendants have unfairly taken Plaintiff's business and impaired Plaintiff's goodwill.

91.    Defendants directly compete with Plaintiff by selling identical products.

92.    Defendants have committed unfair competition under the common law of Kentucky.

93.     Upon information and belief, Defendants' acts as alleged herein are intentional and willful violations of Plaintiff's rights.

94.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

95.     Plaintiff is entitled to, among other relief, injunctive relief, actual damages, Defendants' profits, punitive and exemplary damages under Ky. Rev. Stat. 411.184(2), reasonable attorneys' fees, and costs of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

2.     That Defendants have committed unfair competition under the common law of Kentucky and any other states where they are selling products bearing the Infringing Marks.

3.     That Defendants' conduct was intentional, willful, and in flagrant disregard for Plaintiff's rights.

4.     Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.    manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote Defendants' Products bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

b.    engaging in any activity that infringes Plaintiff's rights in Plaintiff's Marks;

c.    engaging in any activity constituting unfair competition with Plaintiff;

d.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' Products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's Products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

e.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or with Plaintiff or tend to do so;

f.    registering or applying to register any trademark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks or any other mark that infringes or is likely to be confused with Plaintiff's Marks;

g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f)

17

h.    requiring that Defendant Jawk voluntarily abandon Appl. Ser. No. 98164154, for the mark DAZED BAR, currently pending before the U.S. Trademark Office.

i.    prohibiting Defendants from applying to register any trademark containing the terms "daze," "dazed," or any confusingly similar variant thereof before the U.S. Trademark Office.

5.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or  manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Products.

6.    Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the U.S. that distribute, advertise, promote, sell, or offer for sale Defendants' goods or to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation,

confusingly similar variation, or colorable imitation of the Plaintiff's Marks, and to immediately remove them from public access and view.

7.    Directing that Defendants recall and deliver up for destruction all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Marks.

8.    Directing Defendants to formally abandon with prejudice any and all of its applications to register the Infringing Marks or any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9.    Order that Defendants registrations for any mark consisting of, incorporating, or containing Plaintiff's Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry be cancelled and certify such order(s) to the appropriate agency for action.

10.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11.    Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.    Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.    Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14.    Directing that Defendants forfeit or cancel, or cause to be forfeited or canceled, the domain name dazed8.com in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

15.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

16.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

17.    Awarding such other and further relief as the Court deems just and proper.

Dated:        ____October 7 2024 _____          Respectfully submitted,
                      Louisville, Kentucky

                                                 /s/ Amy B. Berge_____
                                                 Amy B. Berge
                                                 Robert Theuerkauf
                                                 **GRAY ICE HIGDON, PLLC**
                                                 Attorney for Plaintiff
                                                 3939 Shelbyville Road, Suite 201
                                                 Louisville, Kentucky 40207
                                                 502.625.2887
                                                 aberge@grayice.com
                                                 rtheuerkauf@grayice.com