UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00033-GNS-HBB

**7D HOLDINGS, LLC**                                                                          **PLAINTIFF**

**VS.**

**JAWK HOLDINGS LLC, et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff 7D Holdings, LLC ("7D") to modify the scheduling order to extend the time for fact discovery (DN 39). The Defendants have filed a Response in opposition at DN 40 and 7D has replied at DN 44.

### Nature of the Case

7D filed its complaint on February 14, 2024 (DN 1). 7D alleged the Defendants infringed on three trademarks (*Id.* at pp. 1-2). 7D manufactures and sells a variety of vaping products and devices using the marks "DAZE," "7 DAZE," and "SEVEN DAZE" (Id. at pp. 4-5). Defendants also sell vaping products and devices, under the website domain "www.dazed8.com" (DN 12, p. 4). 7D alleges that Defendants use "DAZED"—sometimes with modifiers and sometimes without—in connection with Defendants' vaping products and devices, thereby infringing upon 7D's use of its marks (DN 1, p. 6). 7D filed this action initially against two business entities producing the allegedly infringing products: GenRev and JAWK (DN 1, p. 3). 7D later sought to amend its complaint to join additional parties: two business entities, AG Science Solutions Inc. and A to J Group LLC, and two individuals, Jonathan Knarreborg and Allen Huang (DN 28).

Knarreborg and Huang were both allegedly involved as corporate officers of the entities related to the distribution of the infringing products (*See id.*). The Court granted the motion to amend the complaint on December 10, 2024 (DN 32).

## Discussion

The deadline for completing fact discovery was December 16, 2024 (DN 27). 7D seeks an additional four months. 7D filed the subject motion on December 26, 2024, ten days after the deadline expired.[1] 7D's motion, therefore, seeks to reopen discovery. Courts have broad discretion under the federal rules of civil procedure to manage the discovery process and control their dockets. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

But the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. *Id.* at 478-79. Thus, a movant who fails to show diligence will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing *Leary v. Daeschner*, 349 F.3d

---

[1] 7D states that it was prepared to file a motion to extend the deadline on December 16, 2024, but, in conformance with the scheduling order's mandate that parties seek a conference with the undersigned before filing such motions, requested a conference with the Court first. (*See* DN 27 at ¶ (3)) ("Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy. . .").

888, 906, 909 (6th Cir. 2003)); *Korn v. Paul Revere Life Ins*. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

Where the request to amend the scheduling order is directed to an extension of time for discovery, the Court employs an additional layer of inquiry as to whether the requesting party has demonstrated good cause. In *Dowling v. Cleveland Clinic Found.*, the court identified five elements for consideration: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [i.e., the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." 593 F.3d 472, 478 (6th Cir. 2010).

1. <u>When 7D learned of the issue that is the subject of discovery.</u>

7D contends that "[a]s a result of the information revealed [through Defendants' supplemental discovery] on October 4, 2024, Plaintiff was finally in a position to seek to amend the complaint to add all relevant parties, which it did by the deadline of October 7, 2024" (DN 39-1, p. 3). 7D had not taken any depositions in the case, and asserts that it "decided not to waste its time and resources, and those of witnesses, by deposing persons who likely would need to be deposed again after the amendment of the complaint" (*Id.*). Thus with two months remaining in which to conduct discovery, 7D made the tactical decision to forego taking depositions until the Court ruled on its motion to amend the Complaint, presumably knowing that the time for briefing the motion would undoubtedly run up against that deadline. This weighs against 7D insofar as the original Defendants are concerned.

2. <u>How the discovery would affect the ruling below</u>.

"This is a *Dowling* factor routinely noted in opinions but to which significant analysis is rarely afforded, as it is not related to the primary question of a party's diligence." *Mercer v. Wal-Mart*

3

*Stores, Ltd. P'ship*, No. 4:23-CV-00119-RGJ-HBB, 2024 U.S. Dist. LEXIS 97056, at *7-8 (W.D. Ky. May 31, 2024). Rather, to the undersigned, it appears to be an equitable component of the analysis intended to weed-out irrelevant or marginally relevant additional desired discovery. Here it cannot be said that the additional discovery 7D desires could not have an impact on the proof it is able to present at trial and thus weighs in its favor, although, of all the *Dowling* factors, this favorable finding carries the least weight in the analysis. *See id.*

3. <u>The length of the discovery period.</u>

The scheduling order was entered on June 24, 2024, and afforded 7D approximately five months to complete discovery. This is a relatively standard window for discovery. As noted, 7D made a tactical decision to forego taking discovery during two months of that period while it awaited a ruling on the motion to amend the Complaint. This weighs against 7D as to the original Defendants.

4. <u>Whether 7D was dilatory</u>.

The "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." *Woodcock v. Kentucky Dept. of Corr.*, No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *2 (W.D. Ky. July 6, 2016) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). 7D makes a pragmatic argument for why it delayed taking depositions until after its motion to amend the complaint was ruled upon and, as a consequence, allowed the discovery deadline to lapse, in that it was waiting to conduct global discovery on all parties in the interest of judicial economy. But what if the motion had been denied? 7D does not advocate simply for more time to conduct discovery from the newly-joined defendants. It seeks to reopen discovery in full, including

4

discovery it could have taken before seeking to amend the complaint. There is no indication that 7D could not have undertaken the discovery in the time allotted by the scheduling order—it simply made a tactical decision not to do so. This factor weighs against 7D.

5. <u>Whether the Defendants were responsive</u>.

While 7D offers some criticism of Defendants' responsiveness to discovery requests, that goes more to pressing 7D on the deadline to amend its complaint. As noted, it still had two months from then to conduct discovery or move for additional time. On the whole, the undersigned does not find this factor assists 7D.

The undersigned acknowledges that 7D's motion to join new parties was not ruled on before the discovery deadline expired, and therefore 7D could not have conducted discovery with them *as parties*. For this reason, it is appropriate to grant 7D an opportunity to conduct discovery from those new parties. To the extent 7D seeks to conduct additional discovery from the original parties, the undersigned concludes that it has not demonstrated good cause for failing to have done so before the expiration of the deadline.

**WHEREFORE**, Plaintiff's motion to amend the scheduling order (DN 39) is **GRANTED IN PART** and **DENIED IN PART**. Fact discovery is not extended insofar as the original defendants are concerned. Once the district judge has ruled on the pending motion to dismiss, the Court will schedule a telephonic conference to discuss setting a new schedule. For the present, the deadlines continue in abeyance.

H. Brent Brennenstuhl
United States Magistrate Judge

February 25, 2025

Copies:  Counsel