UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00033-GNS-HBB

7D HOLDINGS, LLC                                                                                  PLAINTIFF

v.

JAWK HOLDINGS LLC et al.                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss (DN 45) filed by Defendants Jonathan Knarreborg, Allan Huang, and AG Science Solutions Inc. (collectively, "Moving Defendants") and Plaintiff's Objection (DN 51) to the Magistrate Judge's Memorandum Opinion and Order (DN 50).

### I.     BACKGROUND

Plaintiff 7D Holdings, LLC ("Plaintiff") filed this action against Defendants Jawk Holdings LLC and GenRev Labs LLC (collectively "Original Defendants") asserting federal claims for federal trademark infringement, federal unfair competition, and federal cyberpiracy, and a state law claim for unfair competition. (Compl. ¶¶ 7-8, 49-74, DN 1).

Following some discovery, Plaintiff moved for leave to file the Amended Complaint, which the Original Defendants opposed, *inter alia*, on the basis of futility. (Pl.'s Mot. Leave, DN 28). In the Amended Complaint, Plaintiff proposed asserting claims against the Moving Defendants, and the motion was granted. (Pl.'s Mot. Leave 4-9; Mem. Op. & Order 8, DN 32).

Plaintiff also moved for leave to modify the schedule order to extend discovery. (Pl.'s Mot. Modify, DN 39). The Original Defendants opposed the motion, and the motion was granted in part and denied in part. (Defs.' Resp. Pl.'s Mot Leave, DN 40; Mem. Op. & Order 5,

1

DN 50). In particular, the Court declined to extend the discovery deadline as to the Original Defendants. (Mem. Op. & Order 5, DN 50).

The Moving Defendants then moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mot. Dismiss, DN 45). Plaintiff has objected to the Magistrate Judge's Memorandum Opinion and Order denying its motion to modify the scheduling order as to the Original Defendants. (Pl.'s Obj., DN 51).

## II. JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. DISCUSSION

### A. Motion to Dismiss

This motion is a second challenge to the sufficiency of the allegations in the Amended Complaint.[1] The Original Defendants opposed Plaintiff's motion for leave to amend, arguing that the claims asserted—including the claims against the Moving Defendants—would be futile. (Defs.' Resp. Pl.'s Mot. Leave Amend 5-11, DN 29). The Moving Defendants now seek to challenge the sufficiency of the Amended Complaint under Fed. R. Civ. P. 12(b)(6).

The standard for futility and for reviewing a Fed. R. Civ. P. 12(b)(6) motion is identical. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As a result, the Fed. R. Civ. P. 12(b)(6) motion is effectively a motion to reconsider the Memorandum Opinion and Order granting the motion to amend. (Mem. Op. & Order, DN 32). Such motions are disfavored and sparingly granted because they waste judicial resources. *See United States v.*

---

[1] All Defendants are represented by the same counsel.

2

*Leedy*, 345 F. Supp. 3d 941, 954-55 (S.D. Ohio 2018) (citation omitted); *U.S. v. Am. Textile Mfrs. Inst., Inc. v. The Ltd., Inc.*, 179 F.R.D 541, 547 (S.D. Ohio 1997) (citations omitted). "It is not the function of a motion to reconsider to renew arguments already considered and rejected by the court." *Kammer v. LeafFilter N., LLC*, No. 1:19 CV 1861, 2020 WL 13444242, at *1 (N.D. Ohio Jan. 16, 2020) (quoting *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)).

While it is clear that the Moving Defendants contest the allegations in the Amended Complaint, such a determination cannot be made at this stage of the litigation. The Court has already determined that the allegations in the Amended Complaint are sufficient to survive a Fed. R. Civ. P. 12(b)(6) motion. (Mem. Op. & Order 8, DN 32).

The parties also improperly invite the Court to consider affidavits in ruling on the motion to dismiss. Generally, a court may not consider matters outside the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)). These affidavits are not pleadings. *See* Fed. R. Civ. P. 7(a) (defining pleadings to include a complaint and an answer to a complaint). Therefore, these affidavits must be disregarded.

For these reasons, the motion to dismiss is denied.

### B.  Objection

Plaintiff has objected to the Magistrate Judge's Memorandum Opinion and Order denying Plaintiff's motion to modify the scheduling order. (Pl.'s Obj., DN 51; Mem. Op. & Order, DN 50; Pl.'s Mot. Modify, DN 39). Pretrial matters were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, DN 14).

A district judge "may reconsider any pretrial matter under this subparagraph (A) [relating to nondispositive orders] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b). Fed. R. Civ. P. 72 has implemented this provision and provides that a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Sixth Circuit has determined that this standard of review is a limited one. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citation omitted). Indeed, the "clearly erroneous" standard is highly deferential and this district has previously recognized:

> A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with "a definite and firm conviction that a mistake has been committed." Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.

*Guiden v. Leatt Corp.*, No. 5:10-CV-00175, 2013 WL 4500319, at *3 (W.D. Ky. Aug. 21, 2013) (internal citations omitted) (quoting *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)).

The legal conclusions of a Magistrate Judge "are reviewed under the plenary 'contrary to law' standard." *Id.* at *4 (citing *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). A district court may overturn the legal conclusion of the Magistrate Judge only if the legal conclusions contradict or ignore applicable precepts of law found in the Constitution, statutes, or case precedent. *See Gandee v. Glaser*, 785 F. Supp. 684, 685 (S.D. Ohio 1992) (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)). Thus, the Court may exercise its independent judgment with respect to the legal conclusions

reached by the Magistrate Judge. *See Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547, 551 (S.D. Ohio 1982), *aff'd*, 785 F.2d 308 (6th Cir. 1986).

### 1.   *Standard Applied*

Plaintiff contends that the Magistrate Judge applied the wrong legal standard in denying its motion to extend discovery pursuant to Fed. R. Civ. P. 16(b)(4). (Pl.'s Obj. 8-11). In particular, Plaintiff argues that the factors articulated in *Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472 (6th Cir. 2010), are inapplicable. (Pl.'s Obj. 8-11).

Every district court in the Sixth Circuit has applied the factors from *Dowling* in considering motions to extend discovery under Fed. R. Civ. P. 16. *See, e.g.*, *Est. of Murdock v. Monsanto Co.*, No. 5:23-CV-00128-BJB-LLK, 2024 WL 4895739, at *3 (W.D. Ky. Nov. 26, 2024); *Baber v. Dials*, No. 6:22-CV-026-CHB, 2025 WL 552814, at *4-5 (E.D. Ky. Feb. 19, 2025); *Wendlandt v. Chase Bank*, No. 1:20-CV-193, 2021 WL 5854445, at *3 (W.D. Mich. Feb. 12, 2021); *Moonbean Cap. Invs., LLC v. Integrated Constr. Sols., Inc.*, No. 18-CV-12606, 2020 WL 1429498, at *4 (E.D. Mich. Mar. 24, 2020); *Reo v. Lindstedt*, No. 1:19-CV-2103/2589/2615/2786, 2023 WL 4209644, at *1 (N.D. Ohio June 27, 2023); *Hicks v. Faris*, No. 1:20-CV-680, 2021 WL 6123262, at *3 (S.D. Ohio Dec. 27, 2021); *Metro Fin. Servs. Corp. v. Geller*, No. 2:13-CV-2867-SHL-DKV, 2015 WL 12910697, at *8 (W.D. Tenn. Feb. 24, 2015); *Zander v. Katz, Sapper & Miller, LLP*, No. 3:12-CV-0967, 2014 WL 2560511, at *3-4 (M.D. Tenn. June 6, 2014); *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2021 WL 6332794, at *6 (E.D. Tenn. Sept. 28, 2021). Accordingly, it is apparent that the Magistrate Judge did not apply the wrong standard in considering Plaintiff's motion.

### 2. *Existence of Good Cause*

When the correct standard is applied, Plaintiff also asserts that it established good cause to amend the discovery deadlines. (Pl.'s Obj. 11-14). Because the Magistrate Judge applied the correct standard, this argument also lacks merit.

### 3. *Factual Findings*

Finally, Plaintiff argues that the factual findings were erroneously applied to the *Dowling* factors. (Pl.'s Obj. 14-16). In Memorandum Opinion and Order, the Magistrate Judge applied those factors to the circumstances leading up to Plaintiff's motion to extend discovery. (Mem. Op. & Order 2-5, DN 50). The Magistrate Judge has overseen discovery in this case and considered the arguments of the parties in determining whether to extend discovery. Based on this Court's review, the Magistrate Judge's findings were not clearly erroneous, and those findings supported the ruling that an extension of discovery was not warranted under Fed. R. Civ. P. 16(b)(4). The objection is overruled.[2]

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 45) is **DENIED**.

2. Plaintiff's Objection (DN 51) is **OVERRULED**.

Greg N. Stivers, Chief Judge
United States District Court

April 29, 2025

cc: counsel of record

---

[2] As a final argument, Plaintiff makes a general argument that the order "produces negative effects on the administration of justice and is likely to result in future discovery disputes. (Pl.'s Obj. 16). This nebulous objection is without merit.